MANUELA QUIÑONES, Plaintiff and Appellee, *v.* MÓNICO REYES, Defendant and Appellant.

No. 10363. Argued March 1, 1951.—Decided March 20, 1951.

G. *Cruzado Silva* for appellant. *Quirós Méndez & Quirós Méndez* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

After final judgment was rendered in the divorce suit dissolving the marriage between Mónico Reyes Rosario and Manuela Quiñones, the latter, who was the innocent spouse, filed a motion in the District Court of San Juan requesting that pursuant to § 3 of Act No. 87 of May 13, 1936 (p. 460) it be decreed that she is entitled to the right of homestead in a frame and concrete house acquired by them prior to their marriage and in which she has always lived. The defendant objected and denied that the property had been purchased with money belonging to both spouses before their marriage. He alleged that he had purchased it with money belonging exclusively to him and maintained that the right claimed could only be granted on community property. The lower court, after hearing both parties issued a reasoned order granting the existence of the right of homestead in favor of Manuela Quiñones on that portion of the property mentioned in the order, while she occupied it as her home and that of her children and until such time as the youngest should become of age,

without prejudice to defendant's rights. The latter appealed and assigns as error that the court *a quo* granted the right of homestead in favor of the plaintiff on a house which was his separate property.

■ Act No. 87, *supra*, provides in its § 1, as amended by Act No. 15 of December 31, 1946 (Spec. Sess. Laws, p. 120) that:

"Every person who is the head of a family shall be entitled to possess and enjoy as a homestead a property of not over five hundred (500) dollars in value, consisting of a parcel of land and the buildings thereon, on any farm, plantation or parcel of land owned, or lawfully possessed and occupied by him or by his family as a residence . . . . ."

Section 2 of the Act provides that "Said homestead . . . . shall be exempt from attachment," etc. And § 3 that:

"The exemption established in the preceding section shall continue to subsist after the death of the head of the family, for the benefit of the surviving spouse . . . . In case the husband or wife shall desert his or her family, the exemption shall continue in favor of the spouse occupying the premises as a residence; *and in case of a divorce, the court granting the same may dispose of the homestead according to the equity of the case.*" (Italics ours.)

It is obvious that pursuant to the foregoing a divorced woman may enjoy the right of homestead in certain cases. We have decided so repeatedly. *Irizarry* v. *García*, 58 P.R.R. 282, 286; *Carrillo* v. *Santiago*, 51 P.R.R. 528, 531. The granting of said right may be made after final judgment has been rendered in a divorce suit. *Rivera* v. *Vázquez*, 45 P.R.R. 489. However, has the divorced spouse in the case at bar the right to enjoy together with the children had by the defendant the right of homestead on the property described in her motion? That is the fundamental question for decision in this appeal.

■ It appears from the record that about the year 1936 the plaintiff and the defendant started to live in concubinage; that on March 5, 1943 defendant Mónico Reyes Rosario, while

he was still unmarried, acquired by public deed executed before notary two frame houses located on Marina Street in Santurce on one of which the plaintiff now claims the right of homestead;[1] that they were married in 1947; that the plaintiff and her children always lived in the house in question while the defendant only dwelt there until 1949 when they were divorced.

The conjugal partnership is a distinct and separate entity from the persons who constitute it. *Robles* v. *Guzmán*, 67 P.R.R. 671. If the property on which the right of homestead is claimed was purchased by defendant while he was unmarried prima facie it belongs to him separately. Section 1299 of the Civil Code, 1930 ed.[2] The fact that plaintiff and defendant contracted marriage after said purchase did not render the house community property. Since the conjugal partnership is not the owner of the immovable on which the right of homestead is claimed the partnership occupied the same not as owner but as mere usufructuary.[3]

 Although husband and wife are individually separate and distinct persons from the partnership itself, both jointly constitute the partnership. So when they have established their residence in a property belonging to the conjugal partnership, as they are living in it as owners, when the marriage is dissolved the statute authorizes one of them to continue enjoying the right of homestead on the property. For the purpose of determining said right, the possession of the conjugal partnership in this case was similar to that of any lessee. And we have already held that said right may

---

[1] Although the description of the house which appears in the plaintiff's motion is not identical with the description appearing in the deed, the defendant admits that the house in question is the one described in said deed under letter B.

[2] Section 1299 provides that: "The following is the separate property of the spouses: 1. That brought to the marriage as his or her own. . . . ."

[3] Section 1301 of the Civil Code, 1930 ed., provides that "To the conjugal partnership belong: . . . 3. The fruits, income or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses."

not be established on a property possessed by virtue of tenancy or lease contract. *Méndez* v. *Valentín*, 55 P.R.R. 145, 147; *Pagán* v. *Quiñones*, 55 P.R.R. 917, 921. The motion therefore did not lie.

On the other hand the homestead created by the 1936 Act does not convey any property nor does it dispose of the title already existing. *Carrillo* v. *Santiago, supra; Federal Land Bank* v. *Municipal Court*, 47 P.R.R. 895; *Manescau* v. *Usera, Municipal Judge*, 46 P.R.R. 132, 147. When the plaintiff claimed the right of homestead for herself and her children on a property which according to law prima facie belonged separately to her ex-husband, what she contemplated was to create a new dominion or equitable title in the property. But this cannot be done.

The order appealed from will be reversed and the plaintiff's motion dismissed.